## Case No. 17,449.

### WESTHOFF v. The OLUF.

[3 Woods, 667.] [1]

Circuit Court, N. D. Florida. March Term, 1879.

#### COLLISION.

A tow which is itself without fault is not liable for damages resulting from a collision caused by the fault of the tug.

[Appeal from the district court of the United States for the Northern district of Florida.]

J. P. Jones and S. R. Mallory. for libelant, cited: 1 Pars. Mar. Law, 208. and note; The Gray Eagle, 9 Wall. [76 U. S.] 505; The Granite State. 3 Wall. [70 U. S.] 310; Strout v. Foster, 1 How. [42 U. S.] 89: The Express [Case No. 4,598]: The Maria Martin, 12 Wall. [79 U. S.] 31; The Brothers [Case No. 1.969]; The Scioto [Id. 12,508]; The B. S. Sheppard [Id. 2,072]; The Palmetto [Id. 10,699].

G. R. Stanley, for claimant, cited: The Express [Case No. 4,596]; Owners of the James Gray v. Owners of the John Fraser, 21 How. [62 U. S.] 184: Sturgis v. Boyer, 24 How. [65 U. S.] 110; 1 Pars. Shipp. & Adm. 434.

WOODS, Circuit Judge. The libel was filed to recover damages sustained by the schooner Zenobia. of which the libelant was master, resulting from a collision between her and the bark Oluf. The facts were as follows:

---

[2] [From 5 Int. Rev. Rec. 54.]

[1] [Reported by Hon. William B. Woods. Circuit Judge, and here reprinted by permission.]

About five o'clock on the morning of January 1, 1876, the Oluf, in tow of the steam tug Seminole, approached the harbor of Pensacola, where, about one-quarter of a mile from the wharf, and in the usual and proper place, the Zenobia was lying at anchor. The Oluf was towed astern of the tug by a hawser between forty and fifty fathoms long. The tug passed the Zenobia without collision, but the Oluf ran into the Zenobia, causing damage to the amount of about $325.

The libelant claims that the Zenobia, being at anchor, it was the duty of the Oluf, on entering her harbor, to take every reasonable precaution to avoid a collision; that instead of doing this the Oluf · was managed without skill, that she had but one lookout, and she was towed into the harbor at too high a rate of speed, namely, seven or eight knots an hour. The answer of the respondent claims that the Oluf was skillfully managed, that she had a proper lookout, and that the collision was caused by the rate of speed at which she was towed, and the want of the light upon the Zenobia required by the sailing regulations for vessels at anchor.

The evidence satisfactorily establishes that the Oluf was towed into the harbor by the Seminole, at the rate of seven or eight knots an hour, and that the Zenobia, at the time of the collision, did not have up her lights, and that the collision was the result of these two causes combined. The evidence does not. in my judgment. show any neglect or want of skill on the part of the Oluf. She had the proper lights. sufficient lookouts, and, as directed by the master of the Seminole, kept astern of the tug. She was directly astern just preceding the collision. As there was no light on the Zenobia, and as the Oluf was being towed at the rate of seven or eight knots an hour, she did not discover the Zenobia in time to change her course so as to avoid the collision. The Oluf not being herself in fault, the question is. is she liable for the damage resulting from the fault of the tug of which she was in tow? If she is, then both parties being in fault, the one for recklessness in coming into the harbor at such a high rate of speed, and the other for not having her lights set, the damage must be equally divided. If the Oluf is not liable for the fault of the tug, the libelant should have proceeded against the tug, and the libel against the Oluf must be dismissed. The authorities upon the question, whether the tug or the tow is liable for the damages resulting from a collision. are very conflicting. See Pars. Mar. Law. 208. note. The true rule on this question is laid down by the supreme court of the United States, in The Maria Martin, 12 Wall. [79 U. S.] 31. "Cases undoubtedly arise." says Mr. Justice Clifford, in that case. "where both the tug and tow are jointly liable for the consequences of a collision, as where those in charge of the respective vessels jointly participate in their control and management. and the master and crew of each vessel are either deficient in skill, omit to take due care, or are guilty of negligence in their navigation. Where the officers and crew of the tow, as well as the officers and crew of the tug, participate in the navigation of the vessels, and a collision with another vessel ensues. the tug alone, or the tow alone, or both jointly, may be liable for the consequences according to the circumstances, as the one or the other, or both jointly, were deficient in skill, or were culpably inattentive or negligent in the performance of their duties." To apply this rule to this case. it seems to me that no fault can be found with the management of the Oluf. She had out her lights. green and red, properly set, was fully manned, had a competent and sufficient lookout, and followed implicitly the directions and signals of the tug. The collision was the result of no neglect, unskillfulness or misconduct of her officers and crew. It was caused in part by the high rate of speed of the tug, and in part by the want of a light on the Zenobia. To hold the Oluf responsible, under the circumstances of the case, would not, it seems to me. be in accordance with the rule laid down by the supreme court. My opinion is, therefore, that the libel ought to be dismissed at libelant's costs.